UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JOSHUA WILLIAM WADDELL, | ) | CASE NO. 18-53908-WHD |
| | ) | |
| DEBTOR. | ) | |

| | | |
|---|---|---|
| DANIEL M. MCDERMOTT, | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| MOVANT | ) | |
| | ) | |
| -vs- | ) | CONTESTED MATTER |
| | ) | |
| JOSHUA WILLIAM WADDELL, | ) | |
| | ) | |
| RESPONDENT. | ) | |

**MOTION FOR DENIAL OF DISCHARGE
PURSUANT TO SECTION 727(a)(8)**

COMES NOW Daniel M. McDermott, United States Trustee for Region 21 ("United States Trustee"), and respectfully moves the Court to enter an order denying a discharge in this case to Joshua William Waddell pursuant to Bankruptcy Code section 727(a)(8) because he received a chapter 7 discharge in a case commenced less than eight years prior to commencement of this case. In support of this motion, the United States Trustee shows as follows.[1]

---

[1] Rule 4004(d) provides that an objection to discharge under section 727(a)(8) is commenced by motion and governed by Rule 9014.

STATEMENT OF FACTS

1.

On March 6, 2018, Joshua Willliam Waddell commenced this bankruptcy case by filing a petition for relief under chapter 11 of the United States Bankruptcy Code ("the Petition").

2.

On or about July 17, 2018, the Court converted the case to chapter 7.

3.

On the Petition, Mr. Waddell reported he had filed two bankruptcy cases within the preceding eight years: Case No. 17-62776-PMB and Case No. 11-76159-CRM.

4.

Records of the United States Bankruptcy Court for the Northern District of Georgia show Mr. Waddell commenced Case No. 17-62776-PMB on July 24, 2017, by filing a voluntary petition for relief under chapter 13.  The Court dismissed the case on October 19, 2017.

5.

Records of the United States Bankruptcy Court for the Northern District of Georgia show Mr. Waddell commenced Case No. 11-76159-CRM on September 6, 2011, by filing a voluntary petition for relief under chapter 7 (the "Prior Chapter 7 Case").

6.

Records of the Clerk of the United States Bankruptcy Court for the Northern

District of Georgia show that on December 22, 2011, the Court granted Mr. Waddell a discharge in the Prior Chapter 7 Case.

7.

Mr. Waddell the Petition less than eight years after commencing the Prior Chapter 7 Case.

8.

Mr. Waddell received a chapter 7 discharge in a case commenced within eight years before the date of the filing of the Petition.

STATEMENT OF APPLICABLE STATUTE, RULES, AND LAW

9.

A voluntary case is "commenced by the filing with the bankruptcy court of a petition..." 11 U.S.C. § 301(a). "The commencement of a voluntary case under a chapter [of title 11] constitutes an order for relief." 11 U.S.C. § 301(b).

10.

Conversion of a case "constitutes an order for relief under the chapter to which the case is converted, but [with certain exceptions, none of which is applicable to the United States Trustee's motion] does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C.§ 348(a).[2]

---

[2] "Unless the court for cause orders otherwise, in sections 701 (a), 727 (a)(10), 727 (b), 1102 (a), 1110 (a)(1), 1121 (b), 1121 (c), 1141 (d)(4), 1201 (a), 1221, 1228 (a), 1301 (a), and 1305 (a) of this title, 'the order for relief under this chapter' in a chapter to which a case has been converted under section 706, 1112, 1208, or 1307 of this title means the conversion of such case to such chapter." 11 U.S.C. §348(b).

11.

A debtor shall not be granted a discharge if he has been granted a discharge in a case commenced within eight years before the date of the filing of the petition. 11 U.S.C. § 727(a)(8).

12.

"It is not correct to calculate the applicable [eight year] period from the date of a conversion of a case from one chapter to a different chapter of the Bankruptcy Code – whether the conversion occurred in the prior case or the current case – in determining the [eight year] period under 11 U.S.C. § 727(a)(8). The applicable [eight year] period is determined from the *commencement of the prior case to the commencement of the present case*." *In re Hiatt*, 312 B.R. 150 (Bankr. S.D. Ohio 2004) (emphasis in original).

13.

Pursuant to the Federal Rules of Bankruptcy Procedure 4004(b), the deadline for filing a motion objecting to discharge in this case is October 29, 2018.[3]

14.

The United States Trustee timely files this motion.

CONCLUSION

15.

Joshua William Waddell received a chapter 7 discharge in a bankruptcy case (Case No. 11-76159-CRM) that was commenced within eight years before the date of the filing

---

[3] The section 341(a) meeting was scheduled August 28, 2018.

of the Petition.

16.

As a matter of law, Joshua Willliam Waddell is not eligible to receive a discharge in this case. 11 U.S.C. § 727(a)(8).

WHEREFORE, the United States Trustee respectfully requests the Court enter an order denying Joshua William Waddell a discharge in this bankruptcy case pursuant to section 727(a)(8).

        DANIEL M. MCDERMOTT
        United States Trustee, Region 21

        *s/ Jeneane Treace*
        R. Jeneane Treace
        Trial Attorney
        Georgia Bar No. 716620
        United States Department of Justice
        Office of the United States Trustee
        362 Richard B. Russell Building
        75 Ted Turner Dr., S.W.
        Atlanta, Georgia  30303
        (404)331-4437
        jeneane.treace@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on October 29, 2018, I served a copy of this motion upon the following persons by First Class United States Mail, postage prepaid, addressed as follows.

Joshua William Waddell
12430 Whiteside Road
Palmetto, GA 30268

Howard P. Slomka
Slipakoff & Slomka, PC
Overlook III - Suite 1700
2859 Paces Ferry Rd, SE
Atlanta, GA 30339

William J. Layng, Jr.
William J. Layng, Jr., PC
Suite 3477
2451 Cumberland Parkway
Atlanta, GA 30339-6157

                *s/ Jeneane Treace*
                R. Jeneane Treace